UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HABICH,

        Plaintiff,                                      Case Number 20-12528

v.                                                     Honorable David M. Lawson

WAYNE COUNTY, JOHN
WOJCIECHOWSKI, and CHRISTOPHER
MITTLESTAT,

        Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION TO STAY

This matter is before the Court on the defendant's motion to stay the proceedings pending the outcome of potential, but not yet actual, criminal proceedings against the plaintiff based on conduct involving the subject vehicle, which the plaintiff says the defendants improperly seized without a warrant. The parties appear to have resolved their differences over the return of the vehicle and other items to the plaintiff's possession, and the plaintiff has withdrawn a previously filed motion for preliminary injunction. The Court heard oral argument on the motions for preliminary injunction and to stay on December 10, 2020. Since then, no information has been presented suggesting that formal charges have been filed against the plaintiff based on his use of the vehicle or other items associated with it. The Court finds that on balance the relevant factors favor continuation of the proceedings in this case, but the motion to stay will be denied without prejudice to any further appropriate request for relief if formal criminal proceedings are commenced by the state authorities.

The case arises from a warrantless seizure by the defendants of a vehicle owned by the plaintiff. Plaintiff Eugene Habich is a homeowner living in Romulus, Michigan. Defendants John Wojciechowski and Chrisopher Mittlestat are deputies of the Wayne County Sheriff's Department.

Habich bought a surplus police car, which he drives for personal use and in his work operating a security business. According to the complaint, the car has "police style lights" attached (presumably meaning two lateral spotlights on the windshield pillars), but "no blue lights."

In the wee hours of the morning on July 30, 2020, Habich was driving the car to work and, while merging from I-94 onto I-275, he saw a red pickup truck cut across several lanes of traffic and pass him. Later, while driving on I-275, Habich passed the pickup, which then began to tailgate him with less than five feet of separation. Habich turned on the "rear lights" of the car to signal the pickup to back off, but it did not. Habich then braked and changed lanes. The pickup then pulled next to Habich's car, and the driver "flashed a badge." The pickup continued trailing the plaintiff's car, changing lanes when he did, and following him off the freeway. Eventually the pickup broke off the pursuit, and the plaintiff continued on his way to work.

On August 1, 2020, Habich's was parked in the driveway of his home. Around 7:30 p.m., Deputies Wojciechowski and Mittlestat arrived and parked in front of the home, then walked up the driveway. The plaintiff went outside to greet them, but the deputies refused to identify themselves or to provide identification cards when asked to do so. Wojciechowski told the plaintiff that the deputies were going to take the car and demanded the keys. When the plaintiff objected, Wojciechowski said that he would "drag the car away" if the keys were not supplied. The plaintiff then reluctantly handed over the keys to avoid damage to the vehicle. When the plaintiff asked why the car was being taken away, Wojciechowski told him that it was "illegal" because it had "police lights," a camera, and a computer aided dispatch system installed. Plaintiff pointed out that there were no blue lights on the car, dash cameras are commonly installed in civilian vehicles, and the laptop computer in the car only was connected to the camera.

The plaintiff asked if he could remove personal property from the car before it was taken away, and Wojciechowski then used the keys to unlock the car. The deputies then said that they had to search the car first, which they did but found nothing of interest. As the plaintiff began to remove his items, the deputies saw that he was taking several video memory cards from the trunk area, which they seized, saying that they would be held as part of an "ongoing investigation." The plaintiff asked for a receipt and an incident number or case number relating to the seizure, but the deputies refused to give a receipt and said there was no related incident or case. Later, a tow truck driver who came to take the car away gave a note with the name "Sergeant Wojciechowski," a telephone number, and a case number written on it.

The plaintiff later called the Wayne County Sheriff's Department and left a message asking for information about the seizure. The call was not returned. The plaintiff submitted a FOIA request for all information relating to the incident, and the return disclosed that the car was impounded as evidence relating to an arrest for "impersonating a police officer." However, the plaintiff never was arrested and no evidence of any charges has been presented to this Court. The return also indicated no forfeiture of the car has been commenced, no warrants were sought or issued, and no receipt or citation was issued to the plaintiff. The memory cards were identified as "being held" for a "future investigation." To date, the Sheriff's Department has not told the plaintiff when his property will be returned, nor has any information been provided about how the plaintiff can redeem the car.

On September 15, 2020, the plaintiff filed a complaint alleging that (1) the defendants violated the Fourth Amendment by seizing the car and personal property within the curtilage of his home without a warrant or exigent circumstances, and (2) the defendants violated the plaintiff's due process rights under the Fourteenth Amendment by deliberately avoiding classifying the car

as subject to "forfeiture," instead listing is merely as "confiscated" or "impounded," thereby skirting the procedural hurdles and prerequisites for a lawful forfeiture of property imposed by Michigan Compiled Laws § 600.4703.  The complaint further alleges that the "impound policy" promulgated by Wayne County is unconstitutional because it does not require deputies to have probable cause or to realize exigent circumstances before seizing property to be impounded, and it does not require officers to give a property owner any notice of what legal authority (such as a warrant) justifies an impoundment.  The plaintiff also alleges that the Sheriff's Department has a long-standing practice of seizing and impounding property from within the curtilage of homes without requiring warrants to be obtained, while not offering any process for property owners to recover the items impounded.

On October 14, 2020, the plaintiff filed a motion for preliminary injunction asking the Court to order the Sheriff's Department to "return his car and the memory cards to his home in Romulus pending further proceedings in this case."  On November 4, 2020, the defendants responded with a motion to stay all proceedings in this case pending the outcome of a "criminal investigation" into "various offenses tied to possession and use of the vehicle."  The motion for a preliminary injunction was withdrawn, apparently after the parties agreed on terms to have the car returned to the plaintiff's possession, with certain equipment removed.  The motion to stay the proceedings remains pending, but, as noted above, no further information has been presented suggesting that any formal criminal proceedings against the plaintiff have commenced.

The parties agree on the rules of decision that govern a request to stay federal civil proceedings pending the outcome of a related criminal prosecution.  "'The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and

the entry of such an order ordinarily rests with the sound discretion of the District Court.'" *FTC v. EMA Nationwide, Inc.*, 767 F.3d 611, 626-27 (6th Cir. 2014) (quotations and citations omitted in this and following citations). However, "[a] stay of civil proceedings due to a pending criminal investigation is an extraordinary remedy." *Id.* at 627. "It is clear that nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, and there is no requirement that a civil proceeding be stayed pending the outcome of criminal proceedings," thus, "district courts have broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Ibid.* "District courts generally consider and balance certain factors when determining whether a stay of civil proceedings is appropriate in a given case: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest." *Ibid.*

The relevant factors here do not weigh in favor of staying the proceedings. Principally, and foremost, the fact that no criminal charges have yet been lodged mitigates against delay of this civil matter, and that circumstance further implicates several of the pertinent factors. *See FTC v. EMA Nationwide, Inc.*, 767 F.3d at 628-29.

First, because no charges have been filed, it is impossible for the Court to assess with any precision the extent of overlap of any issues between the cases. Moreover, conspicuously *not* before this Court are any questions about the propriety of the investigation, any "interrogation" of the plaintiff, or the search of the vehicle that produced supposed video evidence, let alone whether any of those items or information gleaned therefrom lawfully may be used as evidence in any

criminal trial.  The issue in this case is exceedingly narrow and, at face value, tangential to any possible criminal charges since the claims here solely and exclusively concern the impoundment and continued detention of the automobile, and no issues relating to the legality of the plaintiff's conduct or his susceptibility to criminal sanctions by the State of Michigan are implicated.  This factor therefore weighs against granting a stay.

Second, the fact that no charges have been filed is itself a factor that generally weighs against granting a stay, since there is not yet any actual state court criminal proceeding that could be interfered with by continued litigation in this case.

Third, the defendants have failed to articulate any compelling interest that they have in the prosecution that will be obstructed if this case continues, other than the apparent prosecutorial desire to get the first crack at any Fourth Amendment questions in state court, before this Court has an opportunity to pass on the legality of the seizure as determined by the controlling federal case law.  Moreover, the fact that no criminal charges have yet been filed, even though this case has been pending for more than six months, belies any supposed urgency of the County's prosecutorial interest in the plaintiff.  Thus, the defendants have not identified any tangible interest of theirs that weighs heavily in favor of a stay.

Fourth, the hazard to the plaintiff's rights from a delay is apparent, because the delay of these proceedings will precipitate a delay of recompense for any injury to his constitutional rights, if such may be proven.  There may be good grounds to question the likelihood of his ultimate success on the claims, but, nevertheless, the concern for not unduly delaying their adjudication weighs at least lightly in favor of denying the stay.

Finally, the public interest and the interest of the Court in efficient proceedings do not favor a stay of the case, principally because, with no actual criminal proceeding yet commenced, it is

impossible to know how long a stay might be needed.  Thus, the Court could have to tolerate an unpredictable and possibly interminable delay before it could proceed to dispose of this matter and deliver the justice which the public rightly expects.

On similar facts, the Sixth Circuit in the *FTC v. EMA* case was unimpressed with the asserted grounds for a stay, particularly noting the absence of an outstanding indictment, and held that it was not an abuse of discretion to continue with the civil matter.  767 F.3d at 629.  The Court is similarly unpersuaded in this case that a stay is appropriate under the circumstances.  However, the defendants may renew their motion if formal criminal charges against the plaintiff are commenced.

Accordingly, it is **ORDERED** that the defendants' motion to stay (ECF No. 11) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   April 7, 2021