UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HABICH,

    Plaintiff,

v.

WAYNE COUNTY, CORPORAL JOHN WOJCIECHOWSKI, and DEPUTY CHRISTOPHER MITTLESTAT, in their individual and official capacities,

    Defendants.

Case No. 2:20-cv-12528

Hon. David M. Lawson

Mag. Judge Anthony P. Patti

## ANSWER TO AMENDED COMPLAINT AND SPECIAL/AFFIRMATIVE DEFENSES BY DEFENDANT WAYNE COUNTY

Defendant Wayne County, through its undersigned attorneys, and for its Answer to the Amended Complaint filed by Plaintiff Eugene Habich ("Plaintiff"), states as follows:

### JURISDICTION AND VENUE

1. Plaintiff owns his home and resides in Romulus, Michigan.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

2. Defendant Wayne County is a state subdivision located in the Eastern District of Michigan.

**ANSWER:** Wayne County denies this allegation to the extent that it is inconsistent with Michigan law.

3. Defendants Wojciechowski and Mittlestat are two uniformed officers of the Wayne County Sheriff's Department.

**ANSWER:** Admitted only to the extent that Corporal John Wojciechowski and Deputy Christopher Mittlestat are employed as deputes by the Wayne County Sheriff's Office.

4. Jurisdiction is based on 28 U.S.C. §1331 and §1343, as the case sounds in violation of civil rights under 42 U.S.C. §1983. Venue is proper in this court.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

## COMMON ALLEGATIONS

5. Plaintiff bought a decommissioned police car for his personal use, and use in a security business.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

6. The car still had police-style lights attached to the body, but no blue lights.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

7. In the early morning hours of July 30, 2020 Plaintiff was driving the car on his way to work, merging from I94 to I275 when he saw a red pickup truck cut across several lanes of traffic and pass him. Later on I275, Plaintiff passed the pickup. The pickup changed lanes, and tailgated him at about five feet. After about a mile, Plaintiff turned on rear lights to get the pickup to back off. Instead, the pickup moved even closer to Plaintiff. Plaintiff hit his brakes and moved into the middle lane to avoid the pickup. The pickup moved next to Plaintiff's car and the driver flashed a badge. The pickup then moved into Plaintiff's lane; when Plaintiff changed lanes, so did the pickup. The driver was on a cell phone at the time. When Plaintiff left the freeway, the pickup followed him. Eventually the pickup stopped following him and Plaintiff continued to work.

**ANSWER:** Denied as an untrue account of this incident.

8. Two days later (August 1, 2020), Plaintiff parked the car in the driveway in Romulus, Michigan, on the side of the house near the side door. The white car is the decommissioned police car at issue:

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

9. At around 7:30 p.m., two Wayne County Sheriff's Deputies (Defendants Wojciechowski and Mittlestat) parked in front of Plaintiff's home, and walked up his driveway.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

10. The two deputies refused to identify themselves or give Plaintiff cards with their identifying information, claiming that they did not have cards.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

11. Defendant Wojciechowski told Plaintiff he was taking his car, but did not tell him why.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

12. Defendant Wojciechowski demanded that Plaintiff give him the keys or he would drag the car away. Plaintiff, under protest, surrendered the keys to him to avoid having the car damaged.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

13. Defendant Wojciechowski said that the car was "illegal." When Plaintiff asked why, Defendant Mittlestat said that it had "police lights." Plaintiff pointed out that there were no blue lights. Defendant Mittlestat then said that it had a camera system. Plaintiff objected that many people now have dashcams.

4

Defendant Mittlestat said that there was a Computer Aided Dispatch system still in the car; but in fact, the computer in the car was only attached to the camera system.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

14. Defendant Mittlestat started to question Plaintiff, but would not show a warrant or explain what was going on.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

15. Plaintiff asked to retrieve his property from the car before it was seized. Defendant Wojciechowski, who had the keys, agreed to let him do so and unlocked the car. But when Plaintiff opened the driver's door, Defendant Wojciechowski insisted that he had to search the interior of the car first. They did so, but found nothing illegal. But when the John Doe Defendants saw that Plaintiff was removing video equipment, they seized three video cards (memory cards) containing the videographic images. Both deputies told Plaintiff that the memory cards were being held as evidence in an investigation.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

16. Plaintiff demanded a case number to track the seized property, but Defendant Wojciechowski denied that any case number existed. Plaintiff then

5

demanded an incident number, but Defendant Wojciechowski denied that there was any such number.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

17. Plaintiff demanded a receipt, but none was given.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

18. A tow truck arrived and took the car away. Defendant Wojciechowski got a card from the tow truck driver, wrote on the back, and gave it to Plaintiff:

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

19. The Wayne County Sheriff's Department did not return a phone call seeking further information.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

20. Plaintiff's Counsel filed a Freedom of Information Act request for all documentation regarding the incident. Wayne County responded on August 31, 2020. Wayne County produced evidence that the Sheriff did, indeed, seize Plaintiff's car and memory cards from his camera. According to the paperwork (or lack thereof):

    a)    the car was impounded as "evidence" in connection with an "arrest" for impersonating a police officer. In fact, no such arrest has been made.

    b)    the property is not being "forfeited."

    c)    the memory cards are currently "confiscated" and are being held for "future investigation."

    d)    no warrant was sought or obtained.

    e)    no receipt or citation was given to Plaintiff.

    f)    no one gave Plaintiff any information on how to get his property back, or on any deadlines for any action to get his property back.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

21. The documents produced in response to the FOIA request redacted the names of Defendant Wojciechowski and Defendant Mittlestat.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

22. The response included a copy of the written policy of the Wayne County Sheriff's Department concerning impounded vehicles (attached as Exhibit 1). That policy does not include a requirement to seek a warrant or to document exigent circumstances making it impracticable to obtain a warrant. The policy does not require the Sheriff's office to give the owner a receipt, to tell the owner how to

redeem the vehicle or what deadlines it will follow in disposing of the vehicle, or how to appeal such an impoundment.

**ANSWER:** Denied as the policy produced to Plaintiff in the FOIA response is not the entirety of Wayne County Sheriff's Office policies regarding the seizure of evidence.

23. To date, Defendants have not returned any of Plaintiff's property or told him how to get it back without assistance of counsel through a lawsuit.

**ANSWER:** Denied as Wayne County has returned the vehicle, the memory cards, and some of the police equipment installed on the vehicle.

24. To date, Defendants have not claimed that the property is being forfeited, nor followed any of the procedures set forth in MCL 333.7523 regarding forfeitures.

**ANSWER:** Denied as untrue.

25. Plaintiff has suffered damages from the illegal search and seizure, including loss of his property, the cost of arranging other transportation, mental anguish, humiliation, annoyance, and frustration.

**ANSWER:** Denied as untrue.

### COUNT I – VIOLATION OF FOURTH AMENDMENT
### BY DEFENDANTS WOJCIECHOWSKI AND MITTLESTAT

26. Plaintiff incorporates by reference paragraphs 1-24.

**ANSWER:** Wayne County incorporates its prior Answers herein.

27. Defendants Wojciechowski and Mittlestat were acting under color of law on August 1, 2020, when they searched and seized Plaintiff's property.

**ANSWER:** Admitted only to the extent that the Deputies were acting in the scope of their duties and employment as sheriff's deputies.

28. Defendants Wojciechowski and Mittlestat violated the Fourth Amendment to the Constitution of the United States, as applied to the states through the Fourteenth Amendment, in at least the following ways:

    a. Seizing the car without a warrant or exigent circumstances;

    b. Seizing property from within the curtilage of Plaintiff's home without a warrant or exigent circumstances;

    c. Searching the car without an arrest, a warrant, or exigent circumstances;

    d. Searching a car within the curtilage of Plaintiff's home without a warrant or exigent circumstances;

    e. Seizing property from within the car in the curtilage of Plaintiff's home without a warrant or exigent circumstances.

**ANSWER:** Denied as untrue.

29. Any reasonable officer knows that property may not be searched or seized without either a warrant or exigent circumstances, and particularly from the curtilage of a private home. Defendants Wojciechowski and Mittlestat acted at least recklessly, with callous indifference to Plaintiff's rights.

**ANSWER:** Denied as untrue.

30. Plaintiff has suffered damages from the seizure of his property, including loss of the property itself, costs and efforts to obtain other transportation, and mental anguish, annoyance, and frustration.

**ANSWER:** Denied as untrue.

31. Under 42 U.S.C. § 1983 and § 1988, Plaintiff seeks:

   a. Injunctive relief to have his property returned intact;

   b. Monetary damages;

   c. Punitive damages;

   d. Costs and attorney fees.

**ANSWER:** Denied that Plaintiff is entitled to any relief under 42 U.S.C. § 1983.

### COUNT II – VIOLATION OF FOURTEENTH AMENDMENT BY DEFENDANTS WOJCIECHOWSKI AND MITTLESTAT

32. Plaintiff incorporates by reference paragraphs 1-24.

**ANSWER:** Wayne County incorporates its prior Answers herein.

33. Defendants Wojciechowski and Mittlestat were acting under color of law on August 1, 2020, when they seized Plaintiff's property.

**ANSWER:** Admitted only to the extent that the Deputies were acting in the scope of their duties and employment as sheriff's deputies.

34. The seizure of the property was not authorized by a warrant, nor by any of the circumstances set forth in MCL 600.4703: (2) Personal property subject to

forfeiture under this chapter may be seized without process under any of the following circumstances:

    (a)    The property is the proceeds of a crime, the substituted proceeds of a crime, or an instrumentality of a crime and the seizure is incident to a lawful arrest. [There was no arrest here.]

    (b)    The seizure is pursuant to a valid search warrant. [There was no search warrant here.]

    (c)    The seizure is pursuant to an inspection under a valid administrative inspection warrant. [There was no administrative search warrant here.]

    (d)    There is probable cause to believe that the property is directly or indirectly dangerous to health or safety. [As a police department sold the vehicle as it was, there was no direct or indirect danger to health or safety.]

    (e)    Exigent circumstances exist that preclude the obtaining of a court order, and there is probable cause to believe that the property is subject to forfeiture under this chapter. [There were no exigent circumstances, as Defendant tracked down the Plaintiff's address and looked for the car; in that time, they could have sought a warrant. Moreover, there was no probable cause to believe that the property was subject to forfeiture, and the Defendants did not seize the property under the forfeiture act.]

    (f)    The property is the subject of a prior judgment in favor of this state in a forfeiture proceeding. [There was no prior judgment here.]

**ANSWER:** Denied as untrue and denied that the deputies were attempting to or did effectuate a civil forfeiture of property under Michigan law.

    35.    Any reasonable officer would know that seizing property without process without any of the circumstances set forth above violated due process.

11

Defendants Wojciechowski and Mittlestat acted at least recklessly, with callous indifference to Plaintiff's rights in failing to provide any pre-deprivation process.

**ANSWER:** Denied as untrue.

36. Defendants Wojciechowski and Mittlestat deliberately avoided declaring the property as "forfeited" in order to deprive Plaintiff of the due process provided by Michigan law for seizure of property under the forfeiture statute. Instead, they referred to the property as "impounded" or "confiscated" pending investigation (which may or may not ever happen).

**ANSWER:** Denied as untrue.

37. Defendants Wojciechowski and Mittlestat violated the due process clause of the Fourteenth Amendment to the Constitution of the United States in at least the following ways:

    a. Failing to provide Plaintiff with a copy of a warrant or other legal authority for seizing his property;

    b. Failing to provide Plaintiff with predeprivation process, even knowing that it intended to seize the property before arriving at the location;

    c. Failing to provide adequate postdeprivation process in at least the following ways:

        i) failing to declare a forfeiture so as to invoke the due process procedures provided by Michigan law;

        ii) failing to explain to Plaintiff whether his property was being impounded or forfeited;

    iii) failing to explain to Plaintiff whether his property was being held indefinitely as evidence of some sort of investigation, whether it was being "confiscated," or whether it will be disposed of under some departmental policy;

    iv) failing to provide Plaintiff with a copy of its policy regarding the handling of seized vehicles;

    v) failing to provide notice of any policy or method followed by the County for Plaintiff to retrieve his property;

    vi) failing to provide Plaintiff with any means of promptly appealing the illegal seizure of his property.

    vii) failing to provide Plaintiff with notice of any means of appealing the illegal seizure of his property.

**ANSWER:** Denied as untrue.

38. Any reasonable officer knows that due process requires notice of the action being taken and a reasonable opportunity to be heard by an impartial factfinder. Defendants Wojciechowski and Mittlestat acted at least recklessly, with callous indifference to Plaintiff's rights by refusing to answer his questions abou this property and deliberately keeping him in the dark as to what was being done with the property and how he could be heard on the matter.

**ANSWER:** Denied as untrue.

39. Plaintiff has suffered damages from the seizure of his property, including loss of the property itself, costs and efforts to obtain other transportation, and mental anguish, humiliation, annoyance, and frustration.

**ANSWER:** Denied as untrue.

## COUNT III – LIABILITY OF WAYNE COUNTY

40. Plaintiff incorporates by reference paragraphs 1-38.

**ANSWER:** Wayne County incorporates its prior Answers herein.

41. Defendant Wayne County is a charter county in the State of Michigan; as such, it is a corporate body capable of being sued.

**ANSWER:** Wayne County lacks knowledge or information sufficient to form a belief as to the truth of this allegation.

42. The Wayne County Sheriff's Department is a department of the government of Defendant Wayne County.

**ANSWER:** Denied as an inaccurate legal description of the Wayne County Sheriff's Office under Michigan law.

43. Wayne County is liable for the acts of Defendants Wojciechowski and Mittlestat because they purported to act under the policy set forth in Exhibit 1. That policy is inadequate and unconstitutional because:

    a. it does not prohibit officers from seizing evidence without a warrant, in the absence of exigent circumstances;

    b. it does not prohibit officers from seizing evidence within the curtilage of a home;

    c. it does not require officers to provide property owners with a copy of a warrant or other legal authority for seizing the property impounded as evidence;

   d. it does not require officers to give property owners a receipt for property impounded as evidence;

   e. it does not require officers to explain to property owners whether their property is being impounded or forfeited;

   f. it does not require officers to explain to property owners whether property impounded or held or confiscated rather than being "forfeited" will be held indefinitely as evidence of some sort of investigation, or whether it will be disposed of under some departmental policy;

   g. it does not require officers to provide property owners with a copy of its policy regarding the handling of seized vehicles;

   h. it does not require officers to provide notice of any policy or method followed by the County for property owners to retrieve their property.

   i. it does not provide property owners with any means of promptly appealing the illegal seizure of their property that is impounded or held for investigation rather than being forfeited.

   j. it fails to provide property owners with notice of any means of appealing the illegal seizure of their property, if the property is not forfeited but nevertheless seized.

**ANSWER:** Denied as untrue.

  44. Notwithstanding any written policy, upon information and belief, the Wayne County Sheriff's Department has long followed an unwritten practice constituting a *de facto* policy of seizing vehicles without warrants and/or without exigent circumstances and/or in the curtilage of homes.

**ANSWER:** Denied as untrue.

15

45. The deprivations of civil rights perpetrated by Defendants Wojciechowski and Mittlestat were caused by the written and/or *de facto* policies of the Wayne County Sheriff's Department, and thus Defendant Wayne County.

**ANSWER:** Denied as untrue.

46. These deprivations of civil rights caused Plaintiff damages, including loss of his property, costs of arranging alternative transportation, mental anguish, humiliation, annoyance, and frustration.

**ANSWER:** Denied as untrue.

## SPECIAL/AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff fails to raise a genuine issue of material fact on his claims.

3. The individual defendants are entitled to immunity under federal law.

4. Plaintiff's claims for injunctive relief are moot.

5. Plaintiff's claims for injunctive relief are barred by the doctrine of laches, unclean hands, and/or other equitable defenses.

6. The deputies had probable cause to suspect the past and/or ongoing occurrence of a crime to justify seizing evidence in plain view.

7. Plaintiff's claims in this case should be stayed to an ongoing criminal investigation and/or state court criminal prosecution.

8. Plaintiff cannot show that Wayne County has any official and/or written policies that condone, permit, or encourage seizing evidence in violation of the Fourth Amendment.

9. Plaintiff cannot show that Wayne County employees have engaged in a pattern of illegal seizures in violation of the Fourth Amendment and that Wayne County was aware of this conduct and failed to correct it.

10. Wayne County reserves the right to supplement and/or amend its special/affirmative defenses as the case proceeds.

## RELIANCE ON JURY DEMAND

Wayne County relies upon the jury demand made by Plaintiff in this matter.

Dated: April 21, 2021

Respectfully submitted,

By: /s/ *Davidde A. Stella*
Davidde A. Stella (P69948)
Assistant Corporation Counsel
James W. Heath
Wayne County Corporation Counsel
500 Griswold St., 30th Floor
Detroit MI 48226
(313) 224-5030
dstella@waynecounty.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2021, I filed the *foregoing*, along with this *Certificate of Service* with the Clerk of the Court via the court's electronic filing system which will send notice to all parties.

/s/*Susan Sweetman*
Paralegal
