UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HABICH,

                        Case No: 2:20-cv-12528

Plaintiff,            Hon. David M. Lawson

                        Magistrate Judge Anthony Patti

v

WAYNE COUNTY, CORPORAL
JOHN WOJCIECHOWSI, and
DEPUTY CHRISTOPHER MITTLESTAT,
in their individual and official capacities,

Defendants.
_____/

| | |
|---|---|
| Elizabeth A. Downey (P37036) | JAMES W. HEATH (P65419) |
| Elizabeth A. Downey, PLLC | Wayne County Corporation Counsel |
| Attorney for Plaintiff | DAVIDDE A. STELLA (P69948) |
| 30445 North | Assistant Corporation Counsel |
| western Hwy., Ste. 250 | Attorneys for Def. Wayne County |
| Farmington Hills, MI 48334 | 500 Griswold, 30th Floor |
| (248) 539-7407 | Detroit, Michigan 48226 |
| attylizdowney@aol.com | (313) 224-0696; (313) 224-3610 |
| | 313-224-4882 (Fax) |
| | dstella@waynecounty.com |

_____/

**PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME
TO SUBSTITUTE SUCCESSOR OR ESTATE FOR
<u>DEFENDANT JOHN WOJCIECHOWSKI</u>**

Plaintiff, pursuant to Federal Rule of Civil Procedure 6(b)(2) respectfully

moves for enlargement of time to substitute Jennifer Lilla for John Wojciechowski

1

(because no estate appears to have been opened in Wayne County Probate Court) or such personal representative as may be later appointed. In support of this motion, Plaintiff states:

1. Defendants filed a "Notice of Death" of Defendant Wojciechowski on December 22, 2021 [ECF 37]. In it, Defendants stated:

> Counsel for Defendants will attempt to locate likely successors for Corporal Wojciechowski and will file the required notice indicating that this individual or these individuals were served with a copy of this filing pursuant to Rule 25(a)(3) and Rule 4. Because Corporal Wojciechowski does not appear to have been married at the time of his death, and no probate estate has yet been opened in state court, the identity and contact information of any likely successor(s) are not obvious at this time. Due to his recent passing and the upcoming holidays, counsel for Defendants will not be able complete this task until after the New Year.

(ECF 37, PageID. 408-409).

2. On January 6, the day before crossmotions for summary judgment were to be filed, Defendants apparently filed a notice (ECF 38, PageID 410) naming Jennifer Lilla as a successor. Upon information and belief, after reviewing the Wayne County Probate Court docket, no estate has been opened for Mr. Wojciechowski.

3. Although there appears to be no personal representative to substitute, Plaintiff can, based on the apparent nomination of Ms. Lilla as an interested party, move to substitute her as a defendant, with the Court's permission. Such an addition might cause Ms. Lilla to open an estate.

4.  No defendant would be unfairly prejudiced by such addition, as the discovery was already completed and crossmotions for summary judgment were argued. This is particularly true when there is no personal representative, and the motion to substitute would be less than 30 days late.

5.  Plaintiff sought concurrence with this motion on April 23, 2022 but did not receive concurrence.

                              Respectfully Submitted,

                              */s/ Elizabeth A. Downey*
                              Elizabeth A. Downey (P37036)
                              Elizabeth A. Downey, PLLC
                              Attorney for Plaintiff
                              30445 Northwestern Hwy., Ste. 250
                              Farmington Hills, MI 48334
                              (248) 539-7407
                              attylizdowney@aol.com

April 25, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EUGENE HABICH,

                                    Case No: 2:20-cv-12528

Plaintiff,                      Hon. David M. Lawson

                                    Magistrate Judge Anthony Patti

v

WAYNE COUNTY, CORPORAL
JOHN WOJCIECHOWSI, and
DEPUTY CHRISTOPHER MITTLESTAT,
in their individual and official capacities,

Defendants.
_____/

| | |
|---|---|
| Elizabeth A. Downey (P37036) | JAMES W. HEATH (P65419) |
| Elizabeth A. Downey, PLLC | Wayne County Corporation Counsel |
| Attorney for Plaintiff | DAVIDDE A. STELLA (P69948) |
| 30445 North | Assistant Corporation Counsel |
| western Hwy., Ste. 250 | Attorneys for Def. Wayne County |
| Farmington Hills, MI 48334 | 500 Griswold, 30th Floor |
| (248) 539-7407 | Detroit, Michigan 48226 |
| attylizdowney@aol.com | (313) 224-0696; (313) 224-3610 |
| | 313-224-4882 (Fax) |
| | dstella@waynecounty.com |

_____

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION FOR ENLARGEMENT OF TIME
TO SUBSTITUTE SUCCESSOR TO JOHN WOJCIECHOWSKI**

## STATEMENT OF ISSUE PRESENTED

Is an enlargement of time to substitute a proposed successor to deceased defendant John Wojciechowski warranted when there is currently no known personal representative, the notice of service on a proposed successor was served less than 120 days ago, the case had already progressed to summary judgment by the time of the notice, and substitution at this time would not work any unfair prejudice on any party?

    Plaintiff says "yes."

    Defendants say "no."

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Federal Rule of Civil Procedure 6(b)(2)

*Dubuc v. Green Oak Twp.,* 958 F. Supp. 1231(E.D. Mich. 1997)

**SUMMARY**

Under Federal Rule of Civil Procedure 6(b)(2), motions for enlargement of time to substitute an estate are liberally granted, as long as there is no prejudice to the respondent(s), and in the absence of bad faith or inexcusable neglect. Here, in the midst of briefing, Plaintiff's Counsel missed the filing of the proof of service on Ms. Lilla. But there still does not appear to be a personal representative to substitute, there has been no bad faith delay, and no party would be prejudiced by allowing Plaintiff to move to substitute Ms. Lilla and/or try to get a personal representative appointed. There would be no delay in a case that has already proceeded to summary judgment, especially when Defendants are already seeking a stay to delay any trial of remaining issues until after a related criminal matter is completed.

**FACTS**

Here, on January 6, 2022, the day before the parties filed crossmotions for summary judgment, Defendants served the notice of death on a proposed successor, Ms. Lilla (ECF 38). Plaintiff's Counsel missed it, to be sure. The 90-day period would have run no earlier than April 6, 2022. But according to the Wayne County Probate records, no personal representative has been appointed and no estate opened. In court on April 21, 2022, Counsel for Defendants advised the Court that he was unaware of any personal representative, either. Even knowing that there is a

4

"successor" (likely a next of kin), it is still unclear whether she is the proper person to be substituted.

On April 21, 2022, at oral argument on the crossmotions for summary judgment, Defendants' Counsel announced their position that the running of the 90 days merited dismissal of the case against Defendant Wojciechowski. On April 22, 2022, Defendants' Counsel sought concurrence in a motion to dismiss, which Plaintiff denied. On April 23, 2022, Plaintiff's Counsel sought concurrence on this motion to enlarge time to file a substitution, so as to solve the problem. No answer has been received yet.

**ARGUMENT**

Rule 6(b)(2) permits the Court to enlarge the time to move for substitution, even after the running of the time stated in the rules for taking an action, if the failure to take the action on time was caused by "excusable neglect." This is within the Court's discretion.

The caselaw applying this rule to substitutions for a deceased party emphasize that Rule 25 is not intended to be applied so stringently that it negates otherwise meritorious cases. *See, e.g. Staggers v. Otto Gerdau Co.,* 359 F.2d 292, 296 (2d Cir. 1966)("the history of the 1963 amendment to Rule 25 makes clear that the 90 day period was not intended to act as a bar to otherwise meritorious actions. See 4 Moore, Federal Practice para. 25.01-02 (2d ed. 1965 Supp.)"). Rather, the district court has

the discretion to allow enlargement of time when justice so requires, under the circumstances of any particular case.

In this District, in *Dubuc v. Green Oak Twp.,* 958 F. Supp. 1231, 1241-1242 (E.D. Mich. 1997), the Court permitted a plaintiff to file a substitution of a defendant's estate over 8 months after notice of the death. The Court held that failure to file within 90 days was neglect, to be sure. But it was excusable neglect, measured by the danger of prejudice, the length of the delay, the potential impact on judicial proceedings, the reason for the delay and whether it was within the movant's control, and whether the movant acted in good faith. In *Dubuc, supra,* the Counsel admitted missing the notice, but argued that the late substitution would not delay the case and would have no impact on the estate, as there was insurance. The respondent argued that missing a notice was not excusable, and that having to open an estate was prejudice. The Court held that had the notice been timely, the estate would have had to be opened anyway, so that did not constitute undue prejudice. The Court found no bad faith, and that the substitution would not delay the case. Thus, the Court allowed the enlargement of time.

Here, the delay is less than 30 days, while the Court is considering the crossmotions for summary judgment and a motion for stay. Allowing substitution would not delay the case at all. Nor would it prejudice any party, as the discovery was done already and the case postured for resolution. Moreover, part of the delay

6

will be waiting for a personal representative to be officially appointed by the Wayne County Probate Court, as no such appointment has been made yet.

When the delay in substituting for a deceased party is caused by lack of a personal representative, courts have granted additional time to substitute the personal representative. For example, in *Tatterson v. Koppers Co.,* 204 F.R.D. 19 (W.D. Pa. 1984), the plaintiff died in January 1984, and a suggestion of death was filed that same month. No personal representative was appointed until August 1984, long after the 90 day period stated in Fed.R.Civ.P 25. Once a personal representative was appointed, a motion for substitution was filed within 21 days. The Court ruled that Rule 25 was not intended to bar meritorious actions, that the substitution did not prejudice any party, that the plaintiff did not act in bad faith, and did not find any inexcusable neglect. Thus, the substitution was permitted.

Here, to the best of Counsel's knowledge after inquiry, there is no personal representative. Certainly, no counsel in this case has been advised of any such person. Plaintiff respectfully requests the time necessary to contact Ms. Lilla and find out whether an estate is to be opened, or to petition for such an estate to be opened. Then, a personal representative can be substituted for Defendant Wojciechowski. Even now, Plaintiff is unsure that it is proper to file a notice of substitution of Ms. Lilla herself, in the absence of her designation as the personal representative of the estate. Plaintiff may have to petition for the opening of an

estate; but in the meantime, Plaintiff can move to substitute either Ms. Lilla or such other personal representative as the Probate Court may later designate.

For these reasons, Plaintiff respectfully moves for an enlargement of time to substitute either Ms. Lilla or the personal representative of John Wojciechowski as a defendant in this matter.

                                      Respectfully Submitted,

                                      */s/ Elizabeth A. Downey*
                                      Elizabeth A. Downey (P37036)
                                      Elizabeth A. Downey, PLLC
                                      Attorney for Plaintiff
                                      30445 Northwestern Hwy., Ste. 250
                                      Farmington Hills, MI 48334
                                      (248) 539-7407
                                      attylizdowney@aol.com

April 25, 2022

## **CERTIFICATE OF SERVICE**

I certify that on April 25, 2022 I served a copy of Plantiff's motion and brief to enlarge time to substitute a successor to Defendant Wojciechowski through the Court's ECF program.

                                      */s/ Elizabeth A. Downey*
                                      Elizabeth A. Downey (P37036)
                                      Elizabeth A. Downey, PLLC
                                      Attorney for Plaintiff
                                      30445 Northwestern Hwy., Ste. 250
                                      Farmington Hills, MI 48334
                                      (248) 539-7407
                                      attylizdowney@aol.com

April 25, 2022